UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-62902-CIV-ZLOCH

WILLIAM MCLEOD,

    Plaintiff,

vs.     **O R D E R**

MONAKER GROUP, INC., et al.,

    Defendants.
_____/

THIS MATTER is before the Court upon Defendants Monaker Group, Inc., William Kerby, and Don Monaco's Motion To Dismiss The Class Action Complaint (DE 30) and Defendant Pruzansky, PA.'s, Motion To Dismiss The Class Action Complaint (DE 31). The Court has carefully reviewed said Motions, the entire court file and is otherwise fully advised in the premises.

By the instant Motions, Defendants argue that Plantiff McLeod's Complaint (DE 1) fails to satisfy the pleading standards and must be dismissed for failure to state a claim.

## I. Allegations of the Complaint

The Complaint (DE 1) alleges that Defendants Kerby and Monaco (hereinafter D&O Defendants) defrauded investors by their own acts and omissions, and through Defendant Monaker Group, Inc. (hereinafter "Monaker"), which they controlled as Directors and Officers. The Complaint alleges that the D&O Defendants and/or Monaker knowingly made a number of statements to the investing public that were materially false as to the relationship between

1

Monaker and a second company, RealBiz Media Group, Inc. Monaker is alleged to have secretly funneled $11.1 million to Real Biz, without any benefit to Monaker, and investors were duped into purchasing shares in a company that was destroying its own value for the benefit of another company. Plaintiff also alleges that Defendant Pruzansky, P.A. (hereinafter "Pruzansky"), as the auditor for Monaker, assisted the other Defendants with their fraud by intentionally or recklessly violating duties of professional conduct in order to provide audit reports that concealed Monaker's improper business practices, knowing that they would be included in Monaker's public statements. The Complaint (DE 1) alleges that Plaintiff relied upon the aforementioned communications from all Defendants in his decision to invest in Monaker and was harmed as a result, losing 90% of his investment.

Five counts remain in the Complaint (DE 1) after the state law claim was dismissed.[1] Counts I and II of the Complaint allege violations of the Securities Act of 1933 (hereinafter Securities Act). The D&O Defendants are accused of violating § 15 of the Securities Act, as controlling persons liable for Monaker's alleged § 11 and/or § 12 violations. Count II alleges that Defendant Monaker and the D&O Defendants violated § 17(a)1.

Counts III through V allege violations of the Securities and Exchange Act of 1934 (hereinafter Exchange Act). Count Three

---

[1] By previous Order (DE 7) the Court declined to exercise jurisdiction over Count VI, a state law claim, but the Final Order of Dismissal (DE 7) mistakenly referred to the state law claim as Count V.

2

alleges that the D&O Defendants violated § 10(b) of the Exchange Act and the associated SEC Rule 10b-5 by causing artificial inflation in Monaker stock value by means of false and misleading reports and thereby defrauded investors. Count IV alleges that the D&O Defendants violated § 20(a) as controlling persons responsible for Monaker's alleged fraud under violations of § 10(b) and Rule 10b-5. Count V alleges that Pruzansky also violated § 10(b) and Rule 10b-5 by submitting materially false audits with reckless disregard for the truth and that investors were defrauded as a result.

## II. Standard

Under Federal Rule of Civil Procedure 8(a), a pleading "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). In order to defeat a motion to dismiss, a complaint must allege facts which render its legal claims facially plausible. Bell Atlantic v. Twombly, 550 U.S. 544 (2007). Facial plausibility is achieved when the district court can reasonably infer from the facts that the defendant is liable for the alleged wrongdoing. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "The 'particularity' requirement 'serves an important purpose in fraud actions by alerting defendants to the precise

3

misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior.'" <u>West Coast Roofing and Waterproofing, Inc. v. Johns Manville, Inc.</u>, 287 F. App'x 81, 86 (11th Cir. 2008) (citing <u>Ziemba v. Cascade Intern., Inc.</u>, 256 F.3d 1194, 1202 (11th Cir. 2001)). To satisfy this requirement, the Eleventh Circuit requires that a complaint identify "(1) the precise statements, documents or misrepresentations made; (2) the time and place of and persons responsible for the statement; (3) the content and manner in which the statements misled the plaintiff; and (4) what the Defendants gains [sic] by the alleged fraud." <u>West Coast Roofing</u>, 287 F. App'x at 86. Conclusory allegations that fraudulent statements were made will not do; Rule 9(b) requires that a complaint plead facts giving rise to an inference of fraud. <u>Id.</u>

A claim of fraud under Securities Act 10(b) and SEC Rule 10b-5 must satisfy Rule 9(b) pleading requirements. <u>Ziemba v. Cascade Intern., Inc.</u>, 256 F.3d 1194, 1202 (11th Cir. 2001). Additionally, in the Eleventh Circuit, the Rule 9(b) particularity requirements are applied not only to a § 10(b)/Rule 10b-5 claim of fraud, but also to an Exchange Act § 11 or § 12(a)(2) claim "when the facts underlying the misrepresentation at stake in the claim are said to be part of a fraud claim, as alleged elsewhere in the complaint." <u>Wagner v. First Horizon Pharmaceutical Corp.</u>, 464 F.3d 1273, 1278 (11th Cir. 2006).

The Private Securities Litigation Reform Act of 1995

4

(hereinafter PSLA), 109 Stat. 737, further articulates pleading requirements for allegations of security fraud under the Exchange Act. The PSLA provides that complaints alleging securities fraud must "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed;" and must also "state with particularity facts giving rise to a strong inference that defendant acted with the required state of mind." 15 U.S.C. §§ 78u-4(b)(1), (2). In addition, the PSLA provides that plaintiffs "have the burden of proving" that defendant's misrepresentations "caused the loss for which the plaintiff seeks to recover." 15 U.S.C. § 78u-4(b)(4). This burden implies a duty on the part of the plaintiff to adequately plead causation and loss. See Dura Pharm., Inc. V. Broudo, 544 U.S. 336, 345-346 (2005).

III. Analysis

As Plaintiff admits in his response to the instant Motion (DE 40, p. 21), the law in the Eleventh Circuit does not recognize a private right of action for violations of § 17(a)1. See, Currie v. Cayman Res. Corp., 835 F.2d 780, 784 (11th Cir. 1988). Count II must therefore be dismissed.

Counts III through V are subject to Rule 9(b) as each is predicated on alleged violations of § 10(b) of the Exchange Act and

5

SEC Rule 10b-5. In addition, these counts are subject to the heightened pleading standard set forth in the PSLA. Defendants argue that these counts fail to satisfy the applicable pleading standards. The Court agrees. Plaintiff fails to adequately allege proximate causation and economic loss. The Complaint (DE 1) here is similar to that at issue in Dura Pharmaceuticals. In that case, the Supreme Court held that a § 10(b)/Rule 10b-5 claim was inadequately pled because it failed to sufficiently allege causation and loss. Dura Pharm. Inc. V. Broudo, 544 U.S. 336, 347-348 (2005). The Court in Dura identified only one statement describing Plaintiffs' loss:

> That statement says that the plaintiffs "paid artificially inflated prices for Dura['s] securities" and suffered "damages[s]." That statement implies that the plaintiffs' loss consisted of the "artificially inflated" purchase "prices." The complaint's failure to claim that Dura's share price fell significantly after the truth became known suggests that the plaintiffs considered the allegation of purchase price inflation alone sufficient.

Id. at 347 (citation omitted). The court held that price inflation "is not itself a relevant economic loss" and because "the complaint nowhere else provides the defendants with notice of what the relevant economic loss might be or of what the causal connection might be between that loss and the misrepresentation" the court concluded that plaintiffs failed to adequately plead their claim. Id. In this case, Plaintiff's Complaint is only slightly more specific. It alleges that the price was "continually depressed and manipulated," (DE 1, ¶ 37) but also "artificially inflated,"

6

(DE 1, ¶ 111-12). It further alleges that because of Defendants' false statements, Monaker stock "fluctuated rapidly during the class period" (DE 1, ¶ 87). Though a strange combination, it is not logically impossible for all three statements to be true. The stock could have been depressed in value but nevertheless inflated beyond the even lower value that it should have had and could have maintained these trends while also fluctuating. However, considered alongside Plaintiff's vague claim of loss, more details are required to make sense of the loss causation allegations and satisfy the pleading requirements.

Plaintiff's claims of economic loss also fall short. Plaintiff claims that "Monaker's stockholders lost approximately $20,000,000 in Class investment funds as a result of the fact that Monaker never accomplished its lofty goals and objectives" (DE 1, p. 31). The loss of investor funds might be grounds for a derivative suit, but it is not relevant to a claim of securities fraud. To recover under a § 10(b) action a plaintiff must prove a "loss incurred by the plaintiff or plaintiffs." 15 U.S.C. § 784-u(b)(4). A company's loss of investor funds is proximately a loss incurred by the company, not the investors. Plaintiff is somewhat more precise in alleging his own particular loss, claiming that his investment "lost approximately 90% of its value during the time period he invested in Monaker" (DE 1, p. 4). However, Plaintiff's vague and somewhat confusing account of the changes to Monaker's stock value during the class period does not provide an anchor

7

point to which his alleged losses might be tethered. Counts III, IV, and V must therefore be dismissed, though with leave to amend and re-file.

Plaintiff's claim in Count I of a violation of § 15 of the Securities Act is an implicit allegation of fraud under § 11 and/or § 12 and is also subject to the Rule 9(b) requirement of particularity in pleading. The D & O Defendants argue that Count I must be dismissed because Plaintiff has not explicitly pled a § 11 or § 12 claim as to Monaker. However, Plaintiff's statement of facts, incorporated by reference in Count I, sufficiently alleges conduct so as to satisfy this requirement. However, for the sake of efficiency Count I will be dismissed along with the rest of the Complaint, but with leave to amend and bring again. Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendants Monaker Group Inc., Kerby, and Monaco's Motion To Dismiss The Class Action Complaint (DE 30) be and the same is hereby **GRANTED** such that Count I of the Complaint (DE 1) is hereby **DISMISSED** without prejudice, Count II is **DISMISSED** with prejudice, and Count III is **DISMISSED** without prejudice;

2. Defendant Pruzansky, P.A.'s Motion To Dismiss The Class Action Complaint (DE 31) be and the same is hereby **GRANTED,** such that Counts IV and V of the Complaint (DE 1) are **DISMISSED** without prejudice;

3. Count VI is deemed **DISMISSED** by previously filed Final

Order of Dismissal (DE 7); and

    4. Plaintiff shall have until <u>noon</u> on <u>Friday, February 23, 2018</u> to file an amended complaint.

    **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this <u>  24th  </u> day of January, 2018.

                                          /s/ William J. Zloch<br>
                                          WILLIAM J. ZLOCH<br>
                                          Sr. United States District Judge

Copies furnished:

All Counsel of Record